UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DARE MATTHEWS,**

   Plaintiff,

v.                          No. 4:22-CV-0471-P

**E. GREEN, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Stephanie Springer's (ECF No. 38) and Defendant E. Green's (ECF No. 41) motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff Dare Matthews fails to state a claim against either defendant, the Court **DISMISSES** the case.

## BACKGROUND

Parsing out Matthews's disorganized complaint, Matthews trained at a mixed martial arts gym owned by Springer and her husband. ECF No. 35 at 4–7. Soon after joining the gym, Matthews left the gym because Springer communicated that the clothes that Matthews wore to the gym were inappropriate. *Id.* at 6. One month later, Springer called the police and reported Matthews for following the gym owners around town. *Id.* at 7. Matthews then hired an attorney to send Springer a letter asking her to stop "harassing" Matthews. *Id.*

A few months later, Springer posted a message on social media "blast[ing]" Matthews and calling her "crazy, nuts, [and] deranged." *Id.* at 8. Matthews and Springer exchanged several profanity-laced emails. *Id.* at 8–19. Springer then reported Matthews to the Arlington Police Department, alleging that Matthews was "harass[ing]" her family and took pictures of Springer's minor daughter. *Id.* at 8–9.

Green—a detective for the Arlington Police Department—was assigned to the case and allegedly listened to Springer's reports without doing his due diligence in assessing whether the reports were true. *Id.* at 8–17. For example, Springer told Green that Matthews had taken pictures of Springer's minor daughter and sent them to her. *Id.* at 21. But Matthews asserts that the images and videos that she sent to Springer were publicly posted by Springer's daughter to the daughter's various social media accounts. *Id.*; *see also id.* at 21–23, 28–32. Green used this allegedly false information to file an affidavit supporting an arrest warrant. *Id.* at 25. The magistrate judge then issued an arrest warrant based on that affidavit. *Id.*

After obtaining the arrest warrant, the Arlington Police Department left a note on Matthews's porch, stating that Matthews would be arrested. *Id.* The next day, Matthews went to the police department and was later detained for 18 months, despite having a "waiver" issued by a judge.[1] *Id.* Matthews therefore contends that Green's lack of due diligence in determining the veracity of Springer's reports ultimately led to her arrest. *Id.*

While detained, Matthews was required to undergo unwanted medical care, given unsanitary clothing, locked in a bathroom for 18 hours while giving a urine sample, and forced to agree not to possess a firearm and drink alcohol when she was released from jail. *Id.* at 25–26.

Matthews sued Springer, Green, and the State of Texas under 42 U.S.C. § 1983 and state law. ECF No. 35. Matthews's complaint fails to clearly delineate her causes of action and against whom each claim is asserted. *Id.* at 32–35. To the extent that the Court can parse out her claims, she alleges that, in violation of the Fourth Amendment, (1) Green caused Matthews to be arrested without probable cause (*id.* at 32); (2) Green caused her to be "prosecuted without probable cause" in violation of state law and the Constitution (*id.* at 34); and (3) Green and Springer conspired to cause Matthews to be maliciously prosecuted (*id.*).

---

[1] The complaint is imprecise regarding what the "waiver" would do, but Matthews insinuates that the waiver should have prevented her detainment. ECF No. 35 at 25.

In violation of state law, Matthews asserts that (1) Springer caused Matthews to be falsely imprisoned (*id.* at 35); (2) Springer caused Matthews to be assaulted (*id.*); and (3) Springer's social media posts constitute slander and libel (*id.*). Matthews also seeks a "declaratory judgement [sic] that the Texas harassment statute is [u]nconstitutional both facially and as applied to [Matthews]." *Id.* Springer and Green each move to dismiss. ECF Nos. 38 (Springer), 41 (Green).

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts all well-pleaded facts as true, drawing all inference in favor of and viewing all facts in the light most favorable to the nonmoving party. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

### B. 42 U.S.C. § 1983

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting 42 U.S.C. § 1983). "To state a [§] 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotation omitted).

### C. Qualified Immunity

Green asserts qualified immunity, which "shield[s] [government officials] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982). When a defendant asserts the qualified immunity defense, the burden shifts to the plaintiff to show that (1) he alleged a violation of a constitutional right, and (2) "the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008).

## ANALYSIS

### A. The State of Texas as Defendant

As an initial matter, the Court addresses Matthews's declaratory judgment claim against the State of Texas. A plaintiff must serve a defendant within 90 days after a complaint is filed. FED. R. CIV. P. 4(m). If a plaintiff fails to do so, the Court "must dismiss the action without prejudice against that defendant." *Id.*

Matthews never served the State of Texas. *See* ECF Nos. 6, 7, 12. And more than 90 days have passed since she filed this suit. *See* ECF No. 1. Therefore, the Court dismisses Matthews's claims against the State without prejudice—including the declaratory-judgment action—given that Matthews has not shown good cause for her failure to timely serve the State of Texas.

### B. Claims Against Stephanie Springer

1. <u>Federal Claim</u>

Matthews asserts that Springer violated the Fourth Amendment by conspiring with Green to cause Matthews to be arrested and maliciously prosecuted without probable cause. ECF No. 35 at 32–34. According to Matthews, this is actionable under § 1983. Matthews is incorrect.

Matthews sued Springer, a private citizen, in her individual capacity. *See* ECF No. 35. "A private party will be considered a state actor for § 1983 purposes only in rare circumstances," *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014), such as when "the challenged conduct may be fairly attributable to the State," *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Matthews pleaded no facts indicating that Springer's actions could be "fairly attributable to" the State. *See id.* And, tellingly, Matthews neglected to address this issue in her response to Springer's motion to

4

dismiss. *See generally* ECF No. 42. Matthews has failed to allege that Springer acted "under color of state law," and the Court therefore dismisses Matthews's § 1983 claim against her. *James*, 535 F.3d at 373.

2. State-law Claims

Matthews contends that Springer's statements to Green caused Matthews to be (1) falsely imprisoned; (2) assaulted during her detainment, and (3) maliciously prosecuted.[2] ECF No. 42 at 11–12.

   *a. False Imprisonment*

There are three elements to Texas false imprisonment: "(1) willful detention; (2) without consent; and (3) without authority of law." *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (per curiam). The parties dispute only the first element. ECF Nos. 38 at 10–11; 42 at 12.

Matthews contends that the first element is satisfied because Springer "instigat[ed]" Matthews's detention. *See* ECF No. 42 at 12. Under the "instigation standard," "a plaintiff must show that the defendant clearly directed or requested the arrest." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507 (Tex. 2002). The standard is extremely high; "instigation is the equivalent, in words or conduct, of 'Officer, arrest that man!'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 45(a) (AM. L. INST. 1965)).

Matthews's allegations do not meet the instigation standard. She states only that "Springer caused Plaintiff arrested [sic] through her false statements to Defendant Green." ECF No. 42 at 12. Even if the statements were false, the statements still do not amount to a clear direction from Springer to have Matthews arrested. The Court therefore dismisses the claim.

---

[2] Matthews's complaint loosely asserts that Springer's comments constitute slander and libel. ECF No. 35 at 35. But Matthews provides no specific factual allegations supporting those claims, nor does she brief these claims in her response to Springer's motion to dismiss. *See generally* ECF No. 42. Without more, Matthews's blanket assertion that Springer's comments constitute slander and libel are conclusory and without factual support. The Court therefore dismisses the claims.

5

### b. Assault

There are two elements to civil assault in Texas: "(1) the defendant intentionally or knowingly caused physical contact with the plaintiff, and (2) the defendant knew or reasonably should have believed that the plaintiff would regard that contact as offensive or provocative." *Solis v. S.V.Z.*, 566 S.W.3d 82, 91 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Matthews contends that Springer's false statements to Green constituted assault because the statements caused her arrest, which "foreseeably caused the assault." ECF No. 42 at 12. As described above, Matthews did not plead facts indicating that Springer intended to or knowingly caused Matthews's alleged false imprisonment. So the Court cannot say that Springer intended or knew that her statements—even if false—would result in unwanted physical contact by a third party well after Matthews was detained. Matthews has therefore failed to establish the first element to her assault claim, and the Court consequently dismisses the claim against Springer.

### c. Malicious Prosecution

A plaintiff must establish seven elements to state a malicious prosecution claim in Texas:

> (1) the commencement of a criminal prosecution against the plaintiff, (2) causation (initiation or procurement) of the action by the defendant, (3) termination of the prosecution in the plaintiff's favor, (4) the plaintiff's innocence, (5) the absence of probable cause for the proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff.

*Dangerfield v. Ormsby*, 264 S.W.3d 904, 910 (Tex. App.—Fort Worth 2008, no pet.).

Without much analysis, Matthews summarily concludes that each element is met. ECF No. 42 at 13. Springer counters that Matthews failed to establish the second element—causation. ECF No. 45 at 3. The bar to establish causation is high, like the false imprisonment instigation standard. *Id.* (citing *Wal-Mart*, 92 S.W.3d at 509). It is

6

satisfied only if "a person's actions [are] both a necessary and a sufficient cause of the criminal prosecution." *Id.* "Thus, a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official, or the grand jury." *Id.* Further, "it must appear that [the defendant's] desire to have the proceedings initiated, expressed by h[er] direction, request, or pressure of any kind, was the *determining factor* in the official's decision to commence the prosecution." *Id.* (emphasis added).

Matthews pleaded no facts suggesting that Springer's desire to "pursue prosecution" was "the determining factor in the official's decision to commence the prosecution." *Id.*; ECF No. 42 at 13. In fact, the pleadings contain no facts regarding the official's decision to commence prosecution. Besides, Green investigated Springer's allegations and then presented an affidavit to a magistrate judge who signed and issued an arrest warrant based on that affidavit. So Matthews's pleadings indicate that other factors were at play in the decision to prosecute Matthews. She has therefore failed to meet the high bar to establish causation, and her claim against Springer must be dismissed.

### C. Claims Against Detective E. Green

After two attempts, Matthews's amended complaint still fails to clearly list the claims it asserts and against whom. *See* ECF No. 35 at 32–35. Matthews briefs only three claims in her response to Green's motion to dismiss: conspiracy, false arrest, and malicious prosecution. *See* ECF No. 42 at 6–11. Given that the brief is the only document that clearly states the claims asserted against Green, the Court analyzes only those three claims.

1. <u>Conspiracy</u>

As discussed above, Matthews contends that Green conspired with Springer to deprive her Fourth Amendment rights. ECF Nos. 35 at 34. But Matthews neglects to brief the issue in her response to Green's motion to dismiss, asserting her conspiracy claim only against Springer. ECF No. 42 at 14. Out of an abundance of caution, the Court nevertheless considers Matthews's conspiracy claim against Green.

It is unclear whether Matthews's conspiracy claim is asserted under federal or state law, but regardless, a conspiracy claim requires an agreement between two or more people. *See, e.g.*, *United States v. Fisch*, 851 F.3d 402, 406 (5th Cir. 2017) (applying federal law); *Leigh v. Danek Med., Inc.*, 28 F. Supp. 2d 401, 405 (N.D. Tex. 1998) (applying Texas law). Matthews has asserted no facts to support her conclusion that an agreement between Green and Springer existed. She merely states that she was prosecuted without probable cause, which resulted from a "conspiracy with . . . Springer." ECF No. 35 at 34. Matthews also admits throughout her complaint that she does not know what communication took place between Springer and Green. *See id.* at 6, 11, 13–19, 21–22, 29, 31. Without more, the Court cannot say that there are facts supporting Matthews's conspiracy claim, and thus Matthews failed to allege a deprivation of a constitutional right. *See Waltman*, 535 F.3d at 346. Green is therefore entitled to qualified immunity, so the Court dismisses the claim against him.

2. <u>False Arrest</u>

Matthews contends that she was arrested without probable cause, and thus her arrest violates the Fourth Amendment. ECF Nos. 35 at 34; 42 at 7–10. She specifically asserts that the facts Green provided in his affidavit supporting the warrant were false, and thus the arrest warrant was invalid. ECF No. 42 at 9–10.

The Fourth Amendment's warrant requirements demand that an affiant assert specific facts supporting the warrant that allow a magistrate judge to independently determine whether there is probable cause to arrest the suspect. *See Franks v. Delaware*, 438 U.S. 154, 164–65 (1978). The Court assumes that the facts presented are truthful, but that "does not mean . . . that every fact recited in the warrant affidavit is necessarily correct." *Id.* at 165. However, the information put forth must be "believed or appropriately accepted by the affiant as true." *Id.*

Matthews alleges no facts in her complaint or response to Green's motion to dismiss that he did not believe Springer or inappropriately accepted Springer's allegations as true. She merely concludes that Springer's complaints were false, and that Green failed to corroborate

8

Springer's story. *See* ECF No. 42 at 9–10. Even if Springer's complaints were false, Matthews must assert facts that Green knew that the complaints were untrue. *Franks*, 438 U.S. at 165. Matthews did not do so here. The Court therefore concludes that probable cause supported the arrest warrant, and Matthews thus failed to assert a prima facie false arrest claim under the Fourth Amendment. Green is thus entitled to qualified immunity on this claim.

3. Malicious Prosecution

Matthews contends that she was maliciously prosecuted because there was not probable cause supporting her detainment and subsequent prosecution. ECF No. 42 at 10–11. Even if Matthews stated a prima facie claim, she does not cite a similar case supporting her assertion that the caselaw clearly establishes that Green's actions were unconstitutional, especially considering he did not prosecute Matthews. *See Waltman*, 535 F.3d at 346; ECF No. 42 at 10–11. Matthews has therefore failed to overcome the second qualified immunity prong, and the Court consequently finds that Green is entitled to qualified immunity on this claim as well.

## CONCLUSION

Because the State of Texas was not timely served, Matthews failed to allege a prima facie claim against Springer, and Green is entitled to qualified immunity, the Court **DISMISSES** each of Matthews's claims **without prejudice**.

**SO ORDERED** on this **19th day of January 2023**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

9